Argued and submitted November 17, 2000, affirmed May 2, 2001

## Kay HUXFORD,
*Petitioner,*

*v.*

## ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

## DU5021; A103247

23 P3d 390

Karen Berkowitz argued the cause for petitioner. With her on the briefs was Legal Aid Service of Oregon.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Linder, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Petitioner seeks review of an order of the Adult and Family Services Division (AFSD) that dismissed her request for a hearing on AFSD's refusal to make two lease payments on her car. She used the car for transportation while she was participating in self-sufficiency activities that were a requirement for receiving public assistance. AFSD held that support payments that are intended to assist aid recipients in their self-sufficiency efforts, including payments for transportation, are not grants of public assistance and that petitioner, therefore, did not have a right to a hearing on the denial. We affirm.

We take the facts from AFSD's final order,[1] supplemented by the uncontested facts in the record. Petitioner, a teacher, and her six-year old son moved to Oregon from Wisconsin in summer 1997. Petitioner was unable to find employment as she had hoped. After spending most of her savings, she applied for public assistance on August 21, 1997, and again on September 10, 1997. On September 10, AFSD placed her in the Assessment Program, which is a period of no greater than 30 days during which AFSD determines an applicant's eligibility for the Temporary Assistance for Needy Families program (TANF).[2] During the Assessment Program, AFSD does not provide a fixed monthly cash grant, but it will make cash payments for living expenses. As part of petitioner's entering the Assessment Program, AFSD and petitioner developed a case plan that required her to seek to become self-sufficient by participating in employment-related activities through what we will call the JOBS Program.[3] Those activities included attending networking programs and locating and applying for open positions. AFSD

---

[1] After petitioner sought review of its original order, AFSD withdrew the order for reconsideration. It later issued a "Final Order on Reconsideration." We refer to that order as the "final order" for the purposes of this opinion.

[2] Title IV-A of the Social Security Act provides for block grants to states to administer TANF programs. 42 USC §§ 602-603.

[3] The Job Opportunity and Basic Skills (JOBS) Program is the self-sufficiency program for TANF, but it is not entirely clear how it relates to the self-sufficiency requirement of the Assessment Program. In its final order, AFSD treated JOBS as the employment-related program for both the Assessment and TANF programs. However, petitioner, with at least some support in the administrative rules, treats JOBS as the program only for TANF and views the requirements of the

has authority to provide financial and other support for self-sufficiency activities, but petitioner's plan did not call for AFSD to provide any of the forms of transportation assistance—bus pass, bus tickets, or gas money—that the AFSD plan form listed. At the time of developing the plan, petitioner and her case worker did not discuss whether AFSD would provide assistance to help petitioner make the required payments on the long-term lease on her car, which she had acquired before moving to Oregon.

Petitioner used her car extensively while searching for employment. At least twice during September and October 1997, she asked an AFSD representative whether the agency would help her make her car lease payments; each time the representative orally stated that it would not. AFSD did not issue a written decision on petitioner's requests. After AFSD's refusals, petitioner made the lease payments with money that she borrowed from her parents.[4] On October 24, 1997, AFSD determined that petitioner was eligible for TANF, effective October 10, and it issued her a prorated check for October.[5]

On October 30, petitioner requested a hearing on the refusals, asserting that she was entitled to the payments as part of the Assessment Program. After a hearing, AFSD issued a final order dismissing the case on the ground that she was not entitled to a hearing on the merits of her request, because a request for help with her car payments did not involve a grant of public assistance. On review, petitioner asserts that that conclusion was erroneous on a number of grounds involving the applicable statutes, administrative

Assessment Program as independent of those of TANF. AFSD and petitioner did not distinguish between the two programs while petitioner was seeking assistance, and she apparently participated in some JOBS activities as part of meeting her Assessment obligations. In any case, the self-sufficiency requirements of Assessment and TANF, and the support services available to participants in them, are sufficiently similar that we can apply the same analysis to each.

[4] AFSD did assist petitioner with living expenses while she was in the Assessment Program, including making a rent payment to avoid a threatened eviction. She also received food stamps.

[5] On October 21, petitioner reported that she had received a position with a temporary services agency. In early November, she reported that she had accepted a teaching position, apparently with an American business, in Siberia. She left for Russia in early November, and AFSD therefore closed her grant. Before leaving, petitioner gave a deposition that is part of the record in this case.

rules, and federal regulatory and constitutional considerations.

ORS 411.095(1)[6] provides for a right to a contested case hearing whenever AFSD "proposes to refuse, suspend or revoke a grant of * * * public assistance[.]" The applicable rule provides for a hearing if AFSD "has not acted on a request or application for public assistance within 45 days of the application," if it "acts to deny, reduce, close or suspend" public assistance, or if the "right to a hearing is otherwise provided." OAR 461-025-0310(1)(a), (c), (j). In its final order, AFSD concluded that a payment to support self-sufficiency activities is not a "grant" of "public assistance." Those terms, it stated, are limited to cash assistance to meet a family's needs of living. Because payment for a car lease is not such a grant, petitioner had no right to a hearing on the merits of the refusal to help with those payments according to AFSD.

AFSD's order focuses on the decisive issue on review. Underlying each of petitioner's arguments is her premise that, contrary to AFSD's understanding, the various payments for support services that a participant in the JOBS Program may receive are grants of public assistance to which the participant has a legal entitlement. If petitioner is correct, the statute and the rule require AFSD to give written notice and a right to a hearing when it denies requests for such payments. In contrast, AFSD treats those support service payments as discretionary and separate from the public assistance that it grants in other programs. If AFSD is correct, the rules do not require written notice or a right to a hearing. We therefore begin by discussing the relationship between the support payments in self-sufficiency programs and the payments in other programs that clearly constitute grants of public assistance.

TANF is currently the primary program for providing assistance to needy families.[7] A person who applies for TANF is first placed in the Assessment Program for no more

---

[6] All references to statutes and administrative rules are to the versions in effect at the time of the events in question.

[7] TANF is the successor to the former Aid to Families with Dependent Children program (ADC). AFSD continues to use "ADC" to refer to various components of TANF. *See* OAR 461-101-0010.

than 30 days. During that period, the person does not receive a cash grant but may receive other program benefits for which the person qualifies. OAR 461-135-0475(1), (2). One requirement for participation in the Assessment Program is the development of a self-sufficiency plan and participation in assigned self-sufficiency tasks. AFSD may make payments to help the person participate in the plan. OAR 461-135-0475(3), (4). The rule says that a person in the program "may receive the following benefits and services":

"(a) Help with basic living expenses, in the minimum amount necessary to meet those needs. These needs include shelter costs, utilities, household supplies, personal incidentals, etc.

"(b) Support service payments within the service district's allocation, necessary to support participation in assigned self-sufficiency activities." OAR 461-135-0475(5).

In AFSD's view, the help with basic living expenses and payments under subsection (a) constitute "public assistance," while support service payments under subsection (b) do not constitute grants of public assistance.

Participation in the JOBS Program is one way of fulfilling the self-sufficiency obligations that are among the requirements for eligibility for the TANF and Assessment Programs. ORS 418.155; OAR 461-190-0121; OAR 461-190-0141. The consequences for an aid recipient who fails to comply with the requirements of the JOBS Program may be partial or complete disqualification from TANF assistance. The sanctions for failure to cooperate begin with a $50 reduction in the monthly aid payment and extend to total disqualification from aid. OAR 461-130-0260.

JOBS consists of several possible components, including job readiness, job search, job skills and on-the-job training. Which components apply in a particular case depends on the needs of the particular person. OAR 461-190-0161. A person participating in the job search component must begin participation before eligibility for TANF is determined (which generally means during the Assessment period), must make at least two employer contacts each day, and must attend job-search instruction if required. OAR 461-190-0201(4).

As part of participating in the JOBS or other self-sufficiency programs, participants may receive a variety of support services, including money "to pay for items including, but not limited to, child care, transportation, tools, fees, clothing, a telephone or message system, eyeglasses, dental work, counseling, etc." OAR 461-190-0211(4). Those payments and services may be available to a particular participant for reasons that permit participation in JOBS activities and components, including removing or reducing barriers to employment, enabling the completion of training programs, and promoting activities that facilitate job search and job entry. OAR 461-190-0211(5). Under the rules, each AFSD branch will determine JOBS support services payments on a case-by-case basis, based on whether they are reasonable in light of the availability of lower-cost alternatives and on the necessity and cost-effectiveness of the particular service. OAR 461-190-0221(1), (3). The agency "has the authority to determine the type and amount of support payments, and develop a support service plan for each participant." OAR 461-190-0221(4).

The statutes and rules do not expressly provide for written notice of, or a formal hearing on, denials of requests for support service payments or other issues arising under the JOBS Program. Rather, OAR 461-190-0231 establishes a conciliation process that is "intended to determine good cause for failure to cooperate with JOBS and to help participants and potential participants resolve disputes and misunderstandings." The conciliator may be a supervisory AFSD employee or a branch representative and an outside person. The results of the conciliation may include a decision as to whether the person had good cause for not cooperating with JOBS or an agreement to modify the employment plan. Failure to participate in the conciliation process is not a ground for disqualification from Assessment or TANF benefits, but conciliation must end before AFSD may send a disqualification notice. OAR 461-190-0231(2), (3), (5), (6).

The rules reflect the differences between the purposes for support service payments and the purposes for Assessment or TANF benefits. The role of JOBS or other support service payments is to assist those who receive Assessment or TANF benefits to achieving self-sufficiency through

employment, not to provide them with the basic requirements of living. Assessment and TANF benefits provide those basic necessities. Although participation in JOBS is often a requirement for receipt of Assessment or TANF benefits, support services payments for the JOBS program are not enumerated benefits under those programs. It may be that an aid recipient who is denied a requested support service will be able to point to that denial in explaining a failure to comply with a self-sufficiency plan; thus, the denial of support might make it inappropriate to penalize the recipient by reducing or eliminating Assessment or TANF benefits. That does not, however, mean that the recipient has an entitlement to the support service payments in the way that he or she has to an entitlement to the other benefits.

In those respects, the rules reflect the statutes that they implement. Thus, ORS 418.035(2) defines "aid" for TANF as "[m]oney payments with respect to, or in behalf of, a dependant child," including payments "to meet the needs of" the relative with whom the child is living and, in certain situations, the spouse of that relative. Under ORS 418.040(1), the grant of aid is to the child, not to the parent or other relative with whom the child lives, although the statute also provides for requiring the parent to participate in a self-sufficiency program. ORS 418.040(2), (3). We perceive nothing in the statutes that treats support service payments under a JOBS or another self-sufficiency program as "assistance" or "aid" under TANF.

■    With this background, we turn to petitioner's specific arguments. In her first assignment of error, she asserts that AFSD failed to determine her rights to benefits and her right to notice and hearing while she was in the Assessment program. She appears to argue that benefits are available under the rules authorizing the Assessment program. Petitioner relies on OAR 461-025-0310(1)(c) and (j)[8] as creating her right to a hearing. However, that rule makes no distinction between the Assessment Program and the JOBS Program component of TANF. If anything, subsection (j) is limited to "basic living expenses" and says nothing about money for the self-sufficiency program. In fact, the Assessment Program

---

[8] We previously granted those rules. *See* 174 Or App at 5.

does not provide a greater right to a hearing in this respect than does the TANF program. Under OAR 461-175-0200(7), the only time that a notice is required for the Assessment Program is when the agency denies payment for basic living expenses. Because the right to notice of agency action accompanies the right to a hearing and the rules make no distinction as to when a hearing is available as between the Assessment and the TANF programs, petitioner's argument that she is entitled to notice and hearing under the provisions authorizing the Assessment program for her claim for the lease payments is not well-taken.

■ In her second assignment of error, petitioner asserts that she is entitled to a hearing under a number of different theories, regardless of which program is implicated. She first relies on ORS 411.095(1), which provides:

"Where the Adult and Family Services Division conducts a hearing pursuant to ORS 416.010 to 416.270, 416.310 to 416.340 and 416.510 to 416.830 and 416.990 or the Adult and Family Services Division proposes to refuse, suspend or revoke a grant of general assistance or a grant of public assistance, opportunity for hearing shall be accorded as provided in ORS 183.310 to 183.550."

Petitioner correctly does not assert that support services payments are general assistance. *See* ORS 411.010(2); ORS 411.710 to ORS 411.803. Rather, she argues that they are a form of public assistance, which ORS 411.010(3) defines as meaning

"all types of assistance including old-age assistance, temporary assistance for needy families, aid to the blind, general assistance, aid to the permanently and totally disabled, medical assistance and such other functions as may be delegated to the administrator by or in accordance with the provisions of federal and state laws."

Petitioner fails to recognize that the statute refers to "assistance," while the rules concerning Assessment Program self-sufficiency requirements and the JOBS Program refer to payments for "support services." Those terms reflect significant differences in purpose in the context of the statutes and rules. TANF provides assistance with the basic needs of living. The related self-sufficiency programs are

requirements for receiving that assistance. That is, they are not the assistance itself but requirements that recipients must meet in order to be eligible for assistance. The purpose of support service payments is to assist an aid recipient to engage in the required activities. Under the rules, AFSD branches have considerable discretion in what kind of support services to provide and how to provide them. In addition, the branches are subject to budgetary limitations on their total expenditures for support services. Those services, thus, do not constitute direct assistance or entitlements to which recipients are entitled but, rather, are discretionary measures intended to assist recipients in becoming and remaining qualified for assistance.

In its final order, AFSD sought to capture this distinction by emphasizing that ORS 411.095(1) refers to hearings when there is a refusal of a "grant" of public assistance. It construed the statute and rules to distinguish between grants of assistance and the discretionary support services that the programs make available. Its interpretation is supported by the ordinary understanding of the words. The relevant dictionary definition of "grant" is "to permit as a right, privilege, indulgence or favor[.]" *Webster's Third New Int'l Dictionary*, 989 (unabridged ed 1993). Under that definition, a grant may be something that is an absolute right, but it may also be something that is a pure favor. The word is thus an inexact term under the holding in *Springfield Education Assn. v. School Dist.*, 290 Or 217, 224-28, 621 P2d 547 (1980). In light of the apparent purposes of the statutes and rules, AFSD's understanding that "grant of public assistance" refers to an entitlement such as the basic needs of living rather than support service payments, which under the rules are discretionary, is presumptively within the legislature's policy and we have no basis for disapproving it.[9]

◼ Petitioner next relies on ORS 418.125. That statute provides that a TANF applicant or recipient may petition AFSD for review under ORS 183.310 to ORS 183.550, the Administrative Procedures Act, if an application for "aid" is

---

[9] Because OAR 461-025-0310(1) and other rules on which petitioner relies are of a similar character, they also do not give a right to a hearing in these circumstances.

denied in whole or in part or if a "grant of aid" is modified or canceled. Her argument implicitly assumes that all monies received by an aid recipient are "grants" of "assistance" without regard to their purpose. However, under ORS 418.035(2), "aid" includes payments to those with whom the dependent child lives, but the payments must still be in respect to or on behalf of the child. By definition, self-sufficiency support payments do not qualify as "grants of aid."[10]

■    Petitioner also makes two arguments under federal law. First, she relies on 45 CFR § 205.10(a)(3), which applies to the TANF programs and provides for written notice, including notice of a right to a hearing, to "[e]very applicant or recipient * * * at the time of application and at the time of any action affecting" the claim. The problem with her argument, again, is that AFSD's action to provide or decline to provide self-sufficiency support payments is not an action on the claim for assistance itself but, rather, is an action directed to helping the aid applicant or recipient comply with the requirements for being eligible for aid. Finally, for the same reasons, petitioner does not have an entitlement to such payments that would implicate due process cases such as *Cleveland Board of Education v. Loudermill*, 470 US 532, 105 S Ct 1487, 84 L Ed 2d 494 (1985), and *Goldberg v. Kelly*, 397 US 254, 90 S Ct 1011, 25 L Ed 2d 287 (1970). Rather, such payments are discretionary in nature.

Petitioner's final assignment of error does not require discussion.

Affirmed.

---

[10] The remainder of petitioner's state law arguments have the same underlying problem that we have already discussed: they assume that self-sufficiency support services payments are grants of assistance benefits rather than discretionary payments to help an aid recipient remain eligible for benefits.